UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No.: 21-cv-80348-CANNON/MATTHEWMAN

EFN WEST PALM MOTOR SALES, LLC,
d/b/a Napleton's West Palm Beach Hyundai,
NORTH PALM HYUNDAI, LLC d/b/a Napleton's
North Palm Hyundai, and the FLORIDA DEPARTMENT
OF HIGHWAY SAFETY AND MOTOR VEHICLES,

    Plaintiffs,

vs.

HYUNDAI MOTOR AMERICA,

    Defendant.
_____/

FILED BY ___KJZ___ D.C.

Jun 13, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER AFTER *IN CAMERA* REVIEW OF DOCUMENTS

**THIS CAUSE** was previously before the Court upon Plaintiffs, EFN West Palm Motor Sales, LLC, and North Palm Hyundai, LLC's (collectively, "Plaintiffs") Renewed Motion to Compel and Request for In-Camera Review of Documents ("Motion") [DE 149]. This matter was referred to the Undersigned by the Honorable Aileen M. Cannon, United States District Judge. [DEs 19, 42, 43]. On June 6, 2022, the Court entered an Order Granting in Part and Denying in Part the Motion. [DE 161]. In that Order, the Court required that Defendant, Hyundai Motor America ("Defendant" or "HMA"), submit the 15 communications discussed in the Motion by email to the Undersigned for *in camera* review on or before June 6, 2022. Defendant has done so as required, and the Court has carefully reviewed them.

1

I.       BACKGROUND

Plaintiffs sought review of the fifteen (15) communications listed in HMA's Amended Privilege Log, which documents Defendant withheld under either attorney-client privilege or the work product doctrine. [DE 149 at 4]. Plaintiffs argue that some or all of these designations may be improper, as Defendant appears to be relying on communications involving "legal coordinators," who are not actually attorneys for claims of privilege. *Id.* at 4-5. Plaintiffs additionally assert that the privilege log fails to make clear whether the listed communications were made for a business or operational purpose or to obtain legal advice. *Id.* at 5. Finally, they point out that Defendant has a practice of involving attorneys in all meetings—both business and legal meetings, which makes the privilege determination more difficult. *Id.*

In response, Defendant did not object to *in camera* review of the documents included on its privilege log. [DE 152 at 4]. Defendant also provides background information about its in-house counsel, outside counsel, and legal coordinator to assist the Court in its review. *Id.* Defendant asserts that its legal coordinators often work at the direction of, or as agents of, its in-house counsel. *Id.* Defendant contends that, when legal coordinators act in the capacity of an attorney's agent at the attorney's direction in anticipation of litigation, their work is attorney work product pursuant to Fed. R. Civ. P. 26(b)(3)(A). *Id.* Defendant maintains that the attorney-client privilege has not been broken here. *Id.* at 5. Finally, Defendant contends that "some of the documents logged are communications between HMA executives and HMA's in-house counsel for the purpose of providing legal advice. These are privileged communications. This includes: HMA-WFT-00108990, -46024, -46027, -45162, -45163, and -45164." *Id.*

In reply, Plaintiff emphasizes that it is Defendant's burden, as the party claiming privilege,

2

to show that the privilege(s) apply, and Defendant has failed to do so. [DE 159 at 4].

## II.     APPLICABLE LAW

### Work-Product Privilege

The work product protections are codified in Federal Rule of Civil Procedure 26(b)(3). The Rule "establishes two tiers of protection: first, work product prepared in anticipation of litigation by an attorney or his agent is only discoverable upon a showing of need and hardship; and second, 'core' or 'opinion' work product" that is "'generally afforded near absolute protection from discovery.'" *Kehle v. USAA Cas. Ins. Co.*, No. 17-80447, 2018 WL 2435176, at *4 (S.D. Fla. May 30, 2018) (quoting *Kahn v. United States*, No. 13-24366, 2016 WL 4112081, at *4 (S.D. Fla. July 8, 2015)). Fact work product "includes all documents, information, and tangible things prepared and gathered in anticipated of litigation or for trial." *Id.* (citing *Stern v. O'Quinn*, 253 F.R.D. 663, 685 (S.D. Fla. 2008)). Fact work product may only be detained by showing both "a substantial need" and "undue hardship" in obtaining the materials or their equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A)(ii); *Sow v. James River Ins. Co.*, No. 9:19-CV-81065, 2020 WL 1322886, at *4 (S.D. Fla. Mar. 20, 2020).

### Attorney-Client Privilege

Under Florida law, the attorney-client privilege protects "confidential communications made in the rendition of legal services to the client." *Centennial Bank v. ServisFirst Bank, Inc.*, No. 8:16-CV-88-T-36CPT, 2020 WL 1061450, at * 2 (M.D. Fla. Mar. 4, 2020); *see also Batchelor v. Geico Cas. Co.,* 142 F. Supp. 3d 1220, 1242 n.45 (M.D. Fla. 2015). "Persons and entities are 'clients' if a lawyer renders legal services to them or they consult 'with a lawyer with the purpose of obtaining legal services.'" *Batchelor*, 142 F. Supp. 3d at 1242 n.45 (M.D. Fla. 2015) (citing §

90.502(1)(b), Fla. Stat.). "A communication is 'confidential' if it is between a lawyer and his client, and it is disclosed only to third persons who: (1) are reasonably necessary to transmit the communication; or (2) will further the rendition of legal services to the client as a result of the communication." *Id.* (citing § 90.502(1)(b), Fla. Stat.). The attorney-client privilege only protects "disclosures necessary to obtain informed legal advice" and if a communication is not made with the attorney "in his professional capacity as a lawyer, no privilege attaches." *See Genovese v. Provident Life and Accident Ins. Co.*, 74 So. 3d 1064, 1067 (Fla. 2011) (quoting *State v. Branham*, 952 So. 2d 618, 621 (Fla. 2d DCA 2007)); *Gracia v. Zurich Am. Ins. Co.*, No. 21-60671-CIV, 2022 WL 1642298, at * 2 (S.D. Fla. May 3, 2022).

### III.    ANALYSIS AND FINDINGS

The Court has carefully reviewed the 15 documents at issue *in camera* and makes the following findings.

The documents over which Defendant asserted the attorney work product do, in fact, constitute work product prepared in anticipation of litigation by an attorney <u>or any attorney's agent</u>. A legal coordinator can clearly be an attorney's agent. And the documents themselves establish that Defendant did anticipate litigation prior to the meeting at issue and that the meeting itself was being scheduled in anticipation of litigation. Thus, the Court finds that Defendant's assertion of the attorney work product privilege as to each of the 15 documents is proper.

The Court notes that Defendant has only listed one document in its privilege log as solely an attorney-client privileged communication (without any assertion of the work product privilege)—the document with Bates stamp number HMA-WFT-00108990. This document is an email chain between José Muñoz, an executive with Defendant, and Willy Hernandez, Defendant's

in-house counsel, which contains legal advice and not business advice. Thus, that one document is, in fact, protected by the attorney-client privilege.

Finally, the Court finds that each of the remaining communications which Defendant dual-designated as work product protected and attorney-client privileged in its privilege log were communications made for the purpose of obtaining legal advice and were not made solely for a business or operational purpose. There is also no evidence that the attorney-client privilege was in any way waived on the face of the documents. Thus, the attorney-client privilege protects them from disclosure.

Based on the foregoing, it is hereby **ORDERED** that Defendant is not required to produce the 15 documents upon which the Undersigned conducted *in camera* review.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 13th day of June, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge