UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80348-Civ-CANNON/MATTHEWMAN

EFN WEST PALM MOTOR SALES, LLC
d/b/a NAPLETON'S WEST PALM BEACH
HYUNDAI, *et al.*,

    Plaintiffs,

vs.

HYUNDAI MOTOR AMERICA
CORPORATION,

    Defendant.
_____/

FILED BY KJZ D.C.
Aug 15, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING HMA'S MOTION FOR LEAVE TO SERVE SUPPLEMENT TO EXPERT REPORT OF JIM SMITH, P.E. [DE 196]

THIS CAUSE is before the Court upon Defendant, Hyundai Motor America Corporation's ("HMA") Motion for Leave to Serve Supplement to Expert Report of Jim Smith, P.E. ("Motion") [DE 196]. This matter was referred to the Undersigned by the Honorable Aileen M. Cannon, United States District Judge. [DEs 19, 42, 43]. Plaintiffs, EFN West Palm Motor Sales, LLC d/b/a Napleton's West Palm Beach Hyundai and North Palm Hyundai, LLC d/b/a Napleton's North Palm Hyundai (collectively, "Plaintiffs"), have filed a response [DE 200], and HMA has filed a reply [DE 213]. The Court heard oral argument on the Motion at a hearing held via Zoom VTC on August 11, 2022.

### I.     Background

HMA is seeking leave to supplement the expert report of Jim Smith, P.E., which was served on March 11, 2022, "simply to include Mr. Smith's further analysis of previously produced data in support of his previously disclosed opinions." [DE 196 at 1]. HMA argues that the 17 additional

1

pages, consisting largely of charts, contained in the supplement do not change Smith's previously disclosed opinion; rather, the "additional analysis of the recall claim data reflected in the charts simply further supports Mr. Smith's original opinion." *Id.* at 2, 4. Smith has not yet been deposed, and his deposition is set for August 17, 2022. *Id.* HMA has also agreed to reschedule the deposition of Plaintiffs' expert until after Smith's deposition. *Id.* Thus, according to HMA, granting the Motion would not prejudice Plaintiffs. *Id.* at 3. HMA next contends that, even if Rule 26(e)(2) does not apply here, Rule 37 permits a party to use information that was not disclosed by the expert disclosure deadline if the failure to disclose said information was substantially justified or harmless. *Id.* at 3.

In response, Plaintiffs explain that all expert reports were to be filed by March 11, 2022. [DE 200 at 2]. On June 30, 2022, HMA provided Plaintiffs with an 80-page report that contained an additional 18 pages of material and "added damages calculations that were not present in the original report. The two new findings relate to the amount of damages suffered by HMA, an opinion that was not included in the original report." *Id.* Plaintiffs assert that HMA's attempt to supplement the expert report in "no way complies" with Rule 26(e)(2) because HMA has not shown that the original report was incomplete or incorrect, that the information was not otherwise known, and that it would not prejudice Plaintiffs. *Id.* at 3–4. Plaintiffs also contend that Rule 37 does not permit untimely supplementation that is not otherwise permissible under Rule 26. *Id.* at 4. Plaintiffs maintain that HMA has not established that the failure to disclose was substantially justified or harmless. *Id.* at 5. Finally, Plaintiffs explain that their rebuttal expert, Mr. Lange, is an engineer, not a statistician or a valuation expert. *Id.* at 6. According to Plaintiffs, when selecting their rebuttal expert to Smith, Plaintiffs were not on notice that this sort of rebuttal would be

necessary and "it is too late in the game for the Plaintiffs to attempt to run down the basis for these figures and try to get an expert to rebut them." *Id.*

In reply, HMA explains that the "supplement to Mr. Smith's report (found at pages 53-70) uses the same previously produced recall claim data to further illustrate (primarily in chart form) that EFN's recall claims are much higher than the rates of other dealers." [DE 213 at 2]. HMA asserts that "Smith's opinion—both as to the fraud and the magnitude of the fraud—is critical to HMA's defense of its terminations." *Id.* at 3. HMA also emphasizes that the "additional analysis of the recall claim data in Mr. Smith's supplemental report is simply additional support for his opinion that the recall claim data evidences EFN's large-scale fraud." *Id.* Next, HMA points out that Smith's original report also "contained comparisons of EFN's engine replacements and seized engine replacements to the engine replacements and seized engine replacements of other dealers nationally and in Florida," Plaintiffs chose not to hire a statistician at that time, and Smith himself is not a statistician. *Id.* HMA additionally argues that there is no real prejudice to Plaintiffs here given the deadlines in this case and the fact that Smith has not yet been deposed. *Id.* at 4.

## II.   Applicable Law

Federal Rule of Civil Procedure 26(a) requires experts to disclose a written report containing "a complete statement of all opinions [they] will express and the basis and reasons for them." Fed. R. Civ. P 26(a)(2)(B)(i). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (internal citations omitted). Federal Rule of Civil Procedure 37(c)(1) instructs that where "a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . unless the failure was substantially justified or

harmless." *See, e.g.*, *Potish v. R.J. Reynolds Tobacco Co.*, 15-cv-81171, 2017 WL 5952892, at *2–4 (S.D. Fla. Nov. 30, 2017); *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 09-cv-60351, 2010 WL 1837724, at *3 (S.D. Fla. May 3, 2010).

Courts have broad discretion to exclude untimely-disclosed expert reports, even ones designated as "supplemental" reports. *Id.*; *see also, e.g.*, *Cook v. Royal Caribbean Cruises*, No. 11-cv-20732, 2012 WL 2319089 (S.D. Fla. June 15, 2012); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 07-cv-0947, 2009 WL 1139575, at *2 (M.D. Fla. Apr. 27, 2009). The purpose of the rules governing expert disclosure is to safeguard against surprise. *United States v. Marder*, 318 F.R.D. 186, 192 (S.D. Fla. 2016); *Apple Inc. v. Corellium, LLC*, No. 19-81160-CV, 2021 WL 2940264, at *2 (S.D. Fla. July 13, 2021).

### III.   Analysis

The Court has carefully considered the relevant law, the Motion, response, reply, and the argument of the parties' counsel at the August 11, 2022 hearing. HMA's expert disclosure deadline was March 11, 2022. At the August 11, 2022 hearing, HMA argued that Rule 26(e) does not apply because HMA is not actually seeking to supplement Smith's report. Rather, HMA asserted that all of the same information from Smith's March 11, 2022 expert report also can be found in the report dated June 27, 2022, but the June report simply analyzes that same information in a new way to further support Smith's core opinions which were previously provided. HMA relies on Rule 37 as the basis for the relief sought and claims that it has established that its failure to include section 9.0 of the March report was harmless.

Plaintiffs' counsel argued at the hearing that the June report contains complicated math, changes how many engines were allegedly fraudulently repaired, and will require a new expert to sift through the cited data. Counsel also argued that HMA has not provided sufficient justification

4

for the late filing of its June report and is trying to introduce new theories and create confusion at the last minute in this case.

Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 26(a)(2)(B) requires that expert witness disclosures generally must be accompanied by written reports that include "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B). The Court does find that Rule 37 applies here even if Rule 26(e) does not. This is because HMA is traveling under Rule 37 as it applies to Rule 26(a).

Regardless of what rule applies, the Court also finds that the changes to the March report create no real harm or prejudice to Plaintiffs. The Court has carefully reviewed Section 9.0, entitled "Estimated Damage," at pages 53 to 70 of the June report at DE 196-2. In this section of the June report, Smith explicitly states that "[t]he data used to create the charts in the prior section can also be used to determine a reasonable range of estimated damage in the form of dollars paid by Hyundai to FL121 resulting from the atypical engine replacement and seizure rates. No additional data was used in the analysis beyond the data produced previously." [DE 196-2 at 53]. Additionally, HMA's counsel represented in open court that it is not seeking damages and will not make a presentation of damages; section 9.0 simply goes to the magnitude of the breach alleged. These representations cut against Plaintiffs' argument that the "additional 18 pages of material added damages calculations that were not present in the original report. The two new findings

relate to the amount of damages suffered by HMA, an opinion that was not included in the original report." [DE 200 at 2].

Furthermore, Plaintiffs have not yet deposed Smith, and their own rebuttal expert has not yet been deposed. Plaintiffs have been in possession of the June report since June 20, 2022, and they have had plenty of time to review it with their expert and prepare for the upcoming expert depositions. Additionally, the previous iteration of the report contained mathematical calculations as well, and the additional pages in the supplement, which mostly consist of charts, do not change Smith's ultimate opinions (even if they may contain limited new findings). In sum, there is no real prejudice to Plaintiffs. Moreover, the Court prefers to have cases decided on the merits and not on a technicality. Excluding the report would be improperly putting form over substance and would not serve the interests of justice.

Based on the foregoing, the Court **ORDERS** that HMA's Motion for Leave to Serve Supplement to Expert Report of Jim Smith, P.E. [DE 196] is **GRANTED**.[1]

**ORDERED and ADJUDGED** in chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of August 2022.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge

---

[1] Plaintiffs argued at the August 11, 2022 hearing that the granting of the Motion may interfere with the August 30, 2022 discovery cutoff in this case. The Undersigned does not believe this to be true because the expert depositions have not yet taken place, and the same underlying information was used in both of Smith's reports. The parties are directed to expeditiously complete the expert depositions and all discovery in this case.