UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80348-Civ-CANNON/MATTHEWMAN

EFN WEST PALM MOTOR SALES, LLC
d/b/a NAPLETON'S WEST PALM BEACH
HYUNDAI, *et al.*,

    Plaintiffs,

vs.

HYUNDAI MOTOR AMERICA
CORPORATION,

    Defendant.
_____/

FILED BY KJZ D.C.
Sep 12, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON HMA'S MOTION TO DISMISS CLAIMS WITHOUT PREJUDICE TO ASSERTING
AS COUNTERCLAIMS IN HMA'S FIRST-FILED FRAUD CASE OR, IN THE
ALTERNATIVE, MOTION TO CONSOLIDATE CASES [DE 193]**

**THIS CAUSE** is before the Court upon Defendant, Hyundai Motor America's ("HMA") Motion to Dismiss Claims Without Prejudice to Asserting as Counterclaims in HMA's First-Filed Fraud Case or, in the Alternative, Motion to Consolidate Cases ("Motion") [DE 193]. This matter was referred to the Undersigned by the Honorable Aileen M. Cannon, United States District Judge. *See* DE 225. Plaintiffs, EFN West Palm Motor Sales, LLC d/b/a Napleton's West Palm Beach Hyundai ("EFN") and North Palm Hyundai, LLC d/b/a Napleton's North Palm Hyundai ("North Palm") (collectively, "Plaintiffs" or "Plaintiffs EFN and North Palm"), have filed a response [DE 205]; EFN West Palm Motor Sales, LLC, and Gene Khaytin, Ernesto Revuelta, Edward W. Napleton, Geovanny Pelayo, and Jorge Ruiz, the defendants in related case number 20-cv-82102, have filed a response [DE 207-1]; and HMA has filed a reply [DE 215]. The Court heard oral

argument on the Motion at a hearing held via Zoom VTC on September 8, 2022. For the reasons that follow, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **DENY** HMA's Motion.

## I.     BACKGROUND

On February 17, 2021, EFN filed a Complaint in case number 21-cv-80348 against HMA. [21-cv-80348, DE 1]. EFN then filed its First Amended Complaint [21-cv-80348, DE 8] on March 4, 2021. The First Amended Complaint alleges violation of section 320.641, Florida Statutes (Count I), and violation of section 320.64(7), Florida Statutes (Count II).

On June 11, 2021, Plaintiffs EFN and North Palm filed a Complaint in case number 21-cv-81050 against HMA, alleging violation of section 320.641, Florida Statutes, (Counts I and II), and violation of section 320.64(7), Florida Statutes (Counts III–VI). [21-cv-81050, DE 1].

On July 27, 2021, case numbers 21-cv-80348 and 21-cv-81050 were consolidated, and case number 21-cv-81050 was closed. [21-cv-81050, DE 14].

The parties collectively refer to these two cases (21-cv-80348 and 21-cv-81050) as the "Termination Cases," and both are before Judge Cannon consolidated under 21-cv-80348. Further, case number 21-cv-81050 is referred to as the "Reputational Harm Termination Case," and case number 21-cv-80348 is referred to the "Fraud Termination Case."

There is also a related third case, case number 20-cv-82012, pending before the Undersigned, in which HMA sued EFN, Gene Khaytin, Ernie Revuelta, Edward W. Napleton, Geovanny Pelayo, and Jorge Ruiz, and then Counter-claims and Third-Party Claims were asserted. The original Complaint was filed on November 17, 2020 [20-cv-82102, DE 1], so this is actually the first filed case of the litigation trio. The pending Second Amended Complaint [20-cv-82102,

DE 144] alleges fraud (Count I); violation of Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) (Counts II and III); tortious interference with a contract and business relationship (Count V); and civil conspiracy (Count VI). The prior presider, Honorable Donald M. Middlebrooks, United States District Judge, dismissed Counts II and III against Defendant Edward W. Napleton and Counts I, II, III, V, and VI against Defendant Robb Minier with prejudice. [20-cv-82102, DE 181]. The parties refer to this case as the "Fraud Case," and this case is now pending before the Undersigned United States Magistrate Judge for trial and all other purposes. [20-cv-82102, DE 226].

The instant Motion was filed on July 8, 2022.

## II.   MOTION, RESPONSES, AND REPLY

HMA moves under Rule 13(a) to dismiss the claims consolidated in this case without prejudice to reassert them as compulsory counterclaims in case number 20-cv-82102 or, in the alternative, moves under Rule 42(a) for consolidation of these matters. [DE 193 at 1]. HMA contends that, in analyzing whether a later-filed action is actually a compulsory counterclaim to an earlier filed action under Rule 13(a), the Eleventh Circuit applies the "logical relationship" test. *Id.* at 2–6. HMA argues that the two Termination Cases clearly have a "logical relationship" to the earlier filed Fraud Case. *Id.* at 6–11. HMA also contends that trying the Termination Cases and the Fraud Case separately (in back-to-back trials in January and February of 2023) makes no sense and would massively increase the burden on the parties, witnesses, and available judicial resources; thus, consolidation is appropriate. *Id.* at 12.

In response, Plaintiffs EFN and North Palm first point out that, more than a year ago, HMA moved to consolidate the Termination Cases, and only the Termination Cases—despite the fact

that the Fraud Case was not only pending at the time, but actually preceded the Termination Cases. [DE 205 at 3]. The consolidation of the two Termination Cases was ultimately granted by Order dated July 27, 2021, merging the Reputational Harm Termination Case into the Fraud Termination Case. *Id.* Plaintiffs argue that nothing has fundamentally changed since then which would create good cause for the Court to grant the Motion. *Id.* Plaintiffs also maintain that consolidation at this point in time would be unjust and prejudicial. *Id.* at 3–4. Next, Plaintiffs assert that their claims are not Rule 13(a) compulsory counterclaims, that statutory language (section 320.641, Florida Statutes) precludes the claims from being counterclaims, that the claims in the Termination Cases do not pass the logical relationship test because the Termination Cases rest on the statutory Notices of Termination and the Fraud Case does not, that the difference in the identity of the parties in the various cases highlights the lack of relationship between the claims, and that the Reputational Harm Termination Case is based on criminal allegations regarding Edward W. Napleton and involves completely different evidence and arguments. *Id.* at 5–10. Plaintiffs further argue that an answer in the Fraud Cause could not have been filed until August 24, 2021, which was well after the statutory deadlines to bring the statutory Termination Cases had already expired. *Id.* at 11–12. Therefore, there was no opportunity for the Termination Cases to even be counterclaims in the Fraud Case. *Id.* at 12.

With regard to HMA's consolidation argument, Plaintiffs argue that consolidation would be highly prejudicial and that the different cases involve different parties, remedies, and contracts. [DE 205 at 12–13]. Plaintiffs additionally point out that they do not consent to magistrate judge jurisdiction in the Termination Cases. *Id.* at 13–15. Finally, Plaintiffs argue that consolidation is not supported by the Eleventh Circuit factors. *Id.* at 16–21.

EFN West Palm Motor Sales, LLC, and Gene Khaytin, Ernesto Revuelta, Edward W. Napleton, Geovanny Pelayo, and Jorge Ruiz, who are not parties in the instant Termination Cases but are parties in the Fraud Case, make the same general arguments in their response. [DE 207-1].

In reply, HMA first argues that its Motion is not an attempt to obtain a strategic advantage. [DE 215 at 1]. HMA next asserts that, since the requisite "logical relationship" clearly exists between the Termination Cases and the Fraud Case, "there is no weighing of timing or purported prejudice involved in the analysis." *Id.* at 2. HMA contends that it does not matter for purposes of Rule l3(a) that Plaintiffs refuse to consent to magistrate judge jurisdiction to avoid consolidation pursuant to Rule 42. *Id.* According to HMA, "Rule 13(a) establishes that the claims in the Termination Case are compulsory counterclaims and thus they are required to be asserted as part of the Fraud Case." *Id.*

HMA points out that Plaintiffs argue in their response that termination claims can only be asserted in a complaint initiating an action, as opposed to in a counterclaim complaint; however, according to HMA, there is not a single decision interpreting either Rule l3(a) or the Florida Dealer Act, which supports this argument. *Id.* at 3. HMA also distinguishes *Mitsubishi Motors North America, Inc. v. Grand Auto., Inc.*, 2018 WL 10669652 (E.D.N.Y. July 26, 2018), as it is based on the New York statute and had different underlying facts. *Id.* at 3–5. HMA next maintains that "there is no question that 'by the time of service' of EFN's Answer and Counterclaim in the Fraud Case on August 23, 2021 (also the date EFN's Answer 'was due') the termination claims had already arisen." *Id.* at 5. HMA also argues that the "logical relationship" test is met, and the Termination Cases arise out of the same transaction or occurrence, are based on the same operative facts, and bear a logical relationship to the Fraud Case. *Id.* at 7–10.

5

### III. RELEVANT LAW

Rule 13(a) requires a pleading to state as a counterclaim any claim that arises out of the "transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). The purpose of the compulsory counterclaim rule is to prevent "a multiplicity of litigation," waste of judicial resources, and unduly burdensome litigation. *Chevaldina v. Ctr. for Individual Rts.*, No. 20-24690-CV, 2021 WL 8776795, at *7 (S.D. Fla. Dec. 15, 2021) (citing *Montgomery Ward Development Corp. v. Juster*, 932 F.2d 1378, 1381 (11th Cir. 1991)); *see also J. Lyons & Co. v. Republic of Tea, Inc.*, 892 F. Supp. 486, 490 (S.D.N.Y. 1995) (citing *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991)).

In order to determine whether a counterclaim is compulsory, courts must determine whether the claim and counterclaim have a "logical relationship." *See Juster*, 932 F.2d at 1381 (citing *Revere Copper & Bros. Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 715 (5th Cir. 1970)). A counterclaim is considered to be logically related to the original claim if: "(1) the same aggregate of operative facts serves as the basis of both claims; or (2) the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant." *Revere Copper*, 426 F.2d at 715.

### IV. ANALYSIS

#### A. Consolidation Argument

At the September 8, 2022 hearing, HMA's counsel conceded that HMA is really traveling under the compulsory counterclaim argument, and not the consolidation argument, at this point.

Pursuant to the rule governing consolidation, Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Additionally, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). In determining whether to exercise their discretion to consolidate, courts are to consider risk of prejudice, as well as other facts. *See Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1314 (11th Cir. 2017).

To the extent that HMA seeks consolidation in its Motion, the Undersigned finds consolidation is improper for the following reasons. First, HMA's counsel has conceded that HMA is no longer traveling under a consolidation theory at this point. The Court therefore finds this argument abandoned or waived. Second, Plaintiffs would be prejudiced by consolidation at this late date when the dispositive motions deadlines and trial dates are fast-approaching. Third, Plaintiffs would be unfairly prejudiced if HMA were able to introduce extensive, unfairly prejudicial evidence and testimony regarding alleged sexual misconduct by Edward W. Napleton in the warranty Fraud Case before the Undersigned. Fourth, North Palm has not consented to magistrate judge jurisdiction at all, and EFN has not consented to magistrate judge jurisdiction in the Termination Cases. Thus, it would be problematic and improper to force Plaintiffs into magistrate judge jurisdiction over their objection based on HMA's theory. The resulting litigation over the magistrate judge consent issue would likely consume valuable judicial and attorney

resources and lead the case astray into thorny jurisdictional and procedural issues. In light of the foregoing, the Undersigned recommends that the District Judge not exercise her discretion to consolidate the Fraud Cause and the Termination Cases, and that the District Judge DENY this portion of HMA's pending Motion. The Undersigned will now address the balance of the pending Motion.

### B. Compulsory Counterclaim Argument

#### 1. The Timing of the Motion

HMA filed the pending Motion approximately one year after filing its prior motion to consolidate the two Termination Cases and well over one year after the complaints in the Termination Cases were initially filed. HMA's counsel argued at the hearing that it was Plaintiffs' duty to bring their claims from the Termination Cases as counterclaims in the Fraud Case and that Plaintiffs, and not HMA, caused any undue delay. HMA's counsel additionally asserted that Rule 13(a) is a mandatory rule, and that no existing case law states that the compulsory counterclaim issue can be waived or that filing a motion to dismiss on this basis can be untimely under any circumstances.

The Undersigned agrees that Rule 13(a) appears to be a mandatory rule. *See, e.g.*, *Q Fin. Direct, Inc. v. Landis*, No. 07-23036-CIV, 2008 WL 11406183, at *3 (S.D. Fla. Mar. 21, 2008). The Undersigned also notes that neither party has presented the Court with any case law establishing that a late-filed motion on the compulsory counterclaim issue can be denied on the basis of waiver, undue delay, or dilatory conduct.[1] However, the unnecessary delay in the filing

---

[1] The law does clearly state that the Court should consider undue delay, bad faith, or dilatory motive on the part of a party who is moving to amend a complaint under Rule 15, even if the amendment involves a compulsory counterclaim. *Uhlig LLC v. Cherry*, No. 21-CV-80837, 2022 WL 949783, at *3 (S.D. Fla. Mar. 28, 2022) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Coventry First LLC v. Jerome Golden Irrevocable Ins. Tr.*, No. 09-CV-80159,

of the Motion has been problematic and has caused a waste of judicial and attorney resources. It seems clear that the better practice would have been to bring this type of issue to the Court's attention much earlier in the proceedings. In fact, if undue delay on the part of the parties, including HMA, is a proper issue for the Court to consider in its Rule 13(a) analysis of HMA's pending Motion, the Undersigned would find—and does find—that HMA unduly delayed bringing the instant Motion for almost one year after the prior consolidation of the Termination Cases, and unnecessarily waited until what is really the eve of the specially set January 3, 2023 jury trial in the Fraud Case. However, as the Undersigned is faced with uncertainty as to whether such undue delay by HMA can be properly considered in its Rule 13(a) analysis, I will continue to consider the merits of the Motion.

### 2. The Timing of the Counterclaims

Rule 13 states that a "pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). However, there is an exception to this rule which applies, if, "when the action was commenced, the claim was the subject of another pending action." Fed. R. Civ. P. 13(a)(2)(A).

The timeliness analysis of the Termination Cases and the Fraud Case is quite complicated. HMA's Complaint was filed on November 17, 2020, in the Fraud Case, and the initial responsive

---

2010 WL 11597584, at *2 (S.D. Fla. Feb. 8, 2010). This Rule 15 analysis is somewhat analogous to the Rule 13(a) issue being decided in this case. However, there does not appear to be case law specifically stating that the Court should or can consider undue delay, bad faith, or dilatory motive on the part of a party who is moving to dismiss without prejudice claims that allegedly should have been filed as compulsory counterclaims in a first-filed, related, ongoing case. It appears then that this is an issue of first impression not yet decided by the Eleventh Circuit.

pleading was due on or about December 24, 2020. [20-cv-82102, DE 1]. EFN filed a timely motion to dismiss on December 24, 2020. [20-cv-82102, DE 17]. The motion to dismiss was followed by HMA's First and Second Amended Complaints on June 4, 2021 [20-cv-82102, DE 133] and on June 14, 2021 [20-cv-82102, DE 144] respectively. EFN's (and the other individual defendants') Answer to the Second Amended Complaint was timely filed on August 23, 2021. [DE 20-cv-82102, DE 191].

The claims in the Termination Cases did not even arise until the Notices of Termination were sent by HMA to Plaintiffs EFN and North Palm on November 11, 2020, and March 16, 2021, respectively. Pursuant to section 320.641, Florida Statutes, which governs terminations of motor vehicle dealer franchises, a Dealer only has ninety days from the issuance of a Notice of Termination to file a petition or a complaint challenging the threatened termination. The ninety-day deadlines at issue in this case ran on February 18, 2021, and June 14, 2021, respectively.

The Fraud Termination Case was filed in case number 21-cv-80348 on February 17, 2021. When that case was filed, the motion to dismiss was still pending in the Fraud Case (20-cv-82102), and no answer was ripe to be filed, meaning no counterclaims could be raised in the Fraud Case. Plaintiffs EFN and North Palm filed the Reputational Harm Termination Case in case number 21-cv-81050 on June 11, 2021. By that date, the First Amended Complaint had been filed in the Fraud Case; however, the answer to the Second Amended Complaint was not yet due. An answer was not filed in the HMA Fraud Case until August 24, 2021—well after the statutory deadline to bring the Termination Cases had already expired.

Thus, the Court agrees with Plaintiffs EFN and North Palm in this case that, in light of the timeline of these cases, there was no real opportunity for Plaintiffs' claims in the Termination

10

Cases to even exist as counterclaims in the Fraud Case. In other words, even accepting the facts and the law as HMA lays them out, Plaintiffs would have had to later voluntarily dismiss their Termination Cases and move for leave to file them as counterclaims in the Fraud Case. This would have been a dangerous move on the part of Plaintiffs because, if the Termination Cases would have been dismissed, the statutory stay provision in the Dealer Act would no longer be in effect. Further, there was and is no requirement for Plaintiffs EFN and North Palm to take such action. Due to the timing and procedural posture of the Termination Cases and the Fraud Case, as discussed above, their claims in the Termination Cases could not have properly been filed as counterclaims in the Fraud Case in the first instance. Moreover, as discussed herein and below, under the unique and nuanced facts, the Undersigned does not find that the claims in the Termination Cases are compulsory counterclaims in the Fraud Case. Therefore, Plaintiffs EFN and North Palm made no error in proceeding the way that they did.

### 3. The Application of the Logical Relationship Test

As stated above, in order to determine whether a counterclaim is compulsory, the Eleventh Circuit requires courts to determine whether the claim(s) and counterclaim(s) have a "logical relationship." *Juster,* 932 F.2d at 1381 (citing *Revere Copper,* 426 F.2d at 715). A counterclaim has a "logical relationship" to the original claim if: "(1) the same aggregate of operative facts serves as the basis of both claims; or (2) the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant." *Revere Copper,* 426 F.2d at 715. "Courts consider such factors as whether separate trials on each claim would involve a substantial duplication of effort and time by the parties and the court; whether the claims involve many of the same factual and/or legal issues; whether the

claims are derived from the same basic controversy between the parties; and whether fairness, convenience, and economy support allowing the counterclaimant to maintain a separate lawsuit." *TM Brands, LLC v. Casa Dimitri Corp.*, No. 16-20850-CIV, 2016 WL 8813759, at *2 (S.D. Fla. Aug. 5, 2016) (citing *Revere Copper*, 426 F.2d at 714)).

Here, the Undersigned has utilized the logical relationship test and finds that the claims within the Termination Cases are not compulsory counterclaims to the Fraud Case. First, the Undersigned notes that North Palm is a plaintiff in the Termination Cases but is not a party in the Fraud Case. HMA's counsel argued at the hearing that Plaintiffs EFN and North Palm share direct privity and that their interests are aligned. However, HMA's counsel also conceded that there is no Eleventh Circuit case law on this specific issue, but rather relied primarily on *Title Capital Management, LLC v. Progress Residential, LLC,* 2017 WL 5953287, * 3 (S.D. Fla. Aug. 8, 2017), and *Five Percent Nutrition, LLC v. Get Fit Fast Supplements, LLC,* 391 F. Supp.3d 1093, 1098 (M.D. Fla. 2019). The Undersigned does agree that Plaintiffs EFN and North Palm have the same ownership and the same parent company. *See* 21-cv-81050, DE 1 ¶¶ 1–4, 16–18. However, according to Plaintiffs' counsel, there is, nonetheless, no privity between the two entities, and they do business independently from one another. Further, they are separate corporate entities. As there is no Eleventh Circuit law directly on point, and as Plaintiffs EFN and North Palm do not appear to the Undersigned to be in direct privity, the Undersigned finds that the lack of identity of the parties in the Termination Cases and the Fraud Case weighs against finding a logical relationship between the Termination Cases and the Fraud Case.

Second, the individual defendants in the Fraud Case are not parties in the Termination Cases. These individuals also have nothing to do with the sexual assault allegations against Edward

W. Napleton. This also weighs against finding a logical relationship between the Termination Cases and the Fraud Case.

Third, HMA argues that all of the allegations in the two Termination Cases arise out of, and are directly related to, the warranty fraud allegations. HMA also argues that no two cases will ever involve the exact same allegations and that, where, as here, two cases have the same general allegations but then one of the cases has additional allegations, the logical relationship test can be met. *See, e.g.*, *John Alden Life Ins. Co. v. Cavendes*, 591 F. Supp. 362, 365-66 (S.D. Fla. 1984) (the fact that a "counterclaim embraces additional allegations . . . does not matter" in determining whether there is a logical relationship between claims). HMA additionally contends that the same expert and fact witnesses and evidence would come in during the trial before the Undersigned and then again during the trial before Judge Cannon. Plaintiffs disagree.

Upon careful review of the dockets and the parties' arguments in their briefs and at the hearing, the Undersigned finds that the Reputational Harm Termination Case, which involves allegations of sexual assault by Edward W. Napleton, does not have a logical relationship to the Fraud Case. While the Fraud Termination Case and the Fraud Case may have a logical relationship, HMA moved to consolidate the two Termination Cases over a year ago. It was HMA's decision to seek to consolidate the two Termination Cases, and they prevailed on their effort. Thus, since there is no logical relationship between the Fraud Case and the Reputational Harm Termination Case, and the Termination Cases have been consolidated at HMA's request, the Undersigned finds that the claims in the Termination Cases are not compulsory counterclaims to the Fraud Cause.

Finally, the Undersigned finds that granting the Motion would not promote judicial

13

economy as claimed by HMA.[2] The discovery process has concluded in the Termination Cases, and the discovery process is closing at the end of September 2022 in the Fraud Case. Moreover, the two trials would not be fully duplicative in that principles of res judicata, collateral estoppel, or law of the case may apply to certain findings made in the first trial.[3]

## V. CONCLUSION

For all of the above reasons, the Undersigned **RECOMMENDS** that the District Judge **DENY** HMA's Motion to Dismiss Claims Without Prejudice to Asserting as Counterclaims in HMA's First-Filed Fraud Case or, in the Alternative, Motion to Consolidate Cases [DE 193].[4]

## IV. NOTICE OF RIGHT TO OBJECT

Due to the specially set trial date of January 3, 2023 in the Fraud Case [20-cv-82102, DE 233 ] before the undersigned United States Magistrate Judge, and due to the trial date of February 20, 2023 before United States District Judge Aileen M. Cannon in the Termination Cases [21-cv-80348, DE 59], the Undersigned shall hereby shorten the time for the parties to file objections to this Report and Recommendation, as authorized under S.D. Fla. Magistrate Judge Rule 4(a). Accordingly, the parties shall have seven (7) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States

---

[2] Putting aside all the legal wrangling, the Motion and ensuing briefing appear to really be a strategic fight on the part of the parties, as HMA effectively wants to ensure a jury trial in both the Fraud Case and the Termination Cases, while EFN and North Palm are seeking to avoid a jury trial in the Termination Cases.

[3] The Undersigned is also concerned about possible unfair prejudice to Plaintiffs EFN and North Palm in the Termination Cases, as well as to the individual defendants in the Fraud Case, if the Fraud Case and Termination Cases were to be combined. *See* Fed. R. Evid. 401; 403. If the cases are ever combined, the Undersigned would consider severing the sexual assault aspect of the case from the warranty fraud aspect of the case. The Court has been careful in the Fraud Cause thus far to limit discovery into the sexual assault allegations. *See* 20-cv-82102, DEs 65, 85.

[4] At the hearing, Plaintiffs' counsel stated that Plaintiffs EFN and North Palm would not oppose a stay of the Termination Cases pending the outcome of the trial in the Fraud Case before the Undersigned. In this regard, Judge Cannon may wish to consider, in her discretion, the possibility of a stay of the Termination Cases pending resolution of the Fraud Case.

District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1. If any objections are filed, a response by the opposing party or parties shall also be filed within seven (7) days, with any reply due three (3) days thereafter.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of September 2022.

*[signature]*
WILLIAM MATTHEWMAN
United States Magistrate Judge