UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-80348-CIV-CANNON/Matthewman

EFN WEST PALM MOTOR SALES, LLC,
d/b/a Napleton's West Palm Beach Hyundai,
and the FLORIDA DEPARTMENT OF
HIGHWAY SAFETY AND MOTOR VEHICLES,

       Plaintiffs,

v.

HYUNDAI MOTOR AMERICA CORPORATION,

       Defendant.

_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DENYING PLAINTIFFS' MOTION TO STAY

THIS CAUSE comes before the Court upon the following two matters: (1) Magistrate
Judge Matthewman's Report and Recommendation on Defendant's Motion to Dismiss Plaintiffs'
Claims Without Prejudice, or in the alternative, to Consolidate Cases (the "Report")
[ECF No. 228]; and (2) Plaintiffs' Expedited Motion to Stay Proceedings ("Plaintiffs' Motion to
Stay") [ECF No. 229].  For the reasons set forth below, the Report [ECF No. 228] is **ACCEPTED**,
and Plaintiffs' Motion to Stay [ECF No. 229] is **DENIED**.

**I.**

On July 8, 2022, Defendant filed a Motion to Dismiss Plaintiffs' Claims Without Prejudice,
or in the alternative, to Consolidate Cases ("Defendant's Motion") [ECF No. 193].  The Court
subsequently referred Defendant's Motion to Magistrate Judge William Matthewman for a Report
and Recommendation [ECF No. 225].  On September 12, 2022, Judge Matthewman issued a
Report recommending that Defendant's Motion be denied [ECF No. 228 p. 14].  Objections to the
Report were due on September 19, 2022 [ECF No. 228 pp. 14–15].  Neither party filed objections,

CASE NO. 21-80348-CIV-CANNON/Matthewman

and the time to do so has expired [ECF No. 228 p. 14].

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Following de novo review, the Court finds the Report to be well reasoned and correct. For the reasons set forth in the Report [ECF No. 228 pp. 6–14], Defendant's Motion [ECF No. 193] is **DENIED**. The Report [ECF No. 228] is **ACCEPTED**.

## II.

In addition, on September 14, 2022, Plaintiffs filed an Expedited Motion to Stay Proceedings Pending Resolution of Trial in a Related Case [ECF No. 229]. Specifically, Plaintiffs request a stay of this proceeding pending completion of trial in *Hyundai Motor Am. Corp. v. EFN W. Palm Motor Sales, LLC et al.*, No. 20-CV-82102-WM (S.D. Fla. Nov. 17, 2020) (the "HMA Fraud Case"), currently set for January 3, 2023. The Motion is ripe for adjudication [ECF No. 232 (Response); ECF No. 234 (Reply)]. For the reasons set forth below, Plaintiffs' Motion [ECF No. 229] is **DENIED**.

2

CASE NO. 21-80348-CIV-CANNON/Matthewman

As background, the HMA Fraud case was brought by Hyundai Motor America Corporation against EFN West Palm Motor Sales, LLC, Gene Khaytin, Ernie Revuelta, Edward W. Napleton, Geovanny Pelayo, and Jorge Ruiz. *See Hyundai Motor Am. Corp. v. EFN W. Palm Motor Sales, LLC et al.*, No. 20-CV-82102-WM, ECF No. 1 (S.D. Fla. Nov. 17, 2020). The HMA Fraud Case concerns allegations that West Palm Motors (operator of an authorized Hyundai dealership, Napleton's Hyundai) and its employees "were engaged in a fraudulent scheme to deliberately damage and/or alter engines in Hyundai vehicles for the purpose of fraudulently collecting warranty funds from HMA." *Id.* at ¶ 41. This case, by contrast, is comprised of two consolidated statutory termination cases in which Plaintiffs claim that HMA wrongfully terminated the parties' Dealer Agreement [ECF No. 1-3]. One of the termination cases, referred to as the "Reputation Harm Termination Case," concerns a notice of termination that Defendant issued following criminal sexual misconduct allegations against Edward W. Napleton (regional manager of the Napleton dealerships, including Napleton's Hyundai), and the resulting negative publicity stemming from those allegations [ECF No. 1 ¶¶ 31–35, Case No. 21-cv-81050]. This negative publicity allegedly impaired the reputation of HMA and thereby implicated Section 16.B.2.h of the parties' Dealer Agreement, which permits HMA to terminate the dealer agreement if HMA learns of "any conduct which in HMA's opinion impairs the reputation of [HMA]" [ECF No. 1-8 p. 4, Case No. 21-cv-81050]. The other consolidated case is referred to as the "Fraud Termination Case" and concerns a notice of termination issued by HMA after Plaintiffs allegedly "breached Section 16.B.1.c of the Dealer Agreement by submitting false claims, information, and statements to HMA" regarding "reimbursements, refunds, financial information, data, warranties, servicing, repairs and/or maintenance" [ECF No. 1 ¶¶ 32–37].

A district court has discretion to stay proceedings "pending the resolution of a related case in another court." *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000) (citing *Clinton v. Jones*, 520 U.S. 681, 707 (1997)). In considering whether to grant or deny a motion to stay proceedings, a court may evaluate (1) the relatedness of the issues between two cases; (2) the duration of the cases; (3) whether a trial date has been set in the case in which a stay is sought; (4) whether a stay will reduce the burden of litigation on the parties and the court; and (5) whether the stay will unduly prejudice the non-moving party. *See e.g.*, *id.* at 1265; *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *Payrange, Inc. v. Kiosoft Techs., LLC*, No. 20-20970-CIV, 2020 WL 9158402, at *1 (S.D. Fla. Nov. 23, 2020).

Applying these discretionary factors, the Court determines that Plaintiff has not met its burden to support the entry of a stay in this matter.

First, by order dated September 3, 2021, trial in this case is scheduled to begin during the two-week period starting on February 20, 2023, yet Plaintiffs moved for this stay nineteen months into litigation and over one year after the trial date was set [ECF No. 59].

Second, Plaintiffs' undeveloped showing of relatedness between the cases is insufficient to warrant a stay. Courts are discouraged from issuing a stay if doing so offers only "limited potential to narrow the issues in the case" rather than conclusively determine the issues. *Payrange*, 2020 WL 9158402, at *1; *DataQuill Ltd. v. Blu Prod., Inc.*, No. 20-20760-CIV, 2020 WL 6135795, at *2 (S.D. Fla. Apr. 10, 2020). That guidance counsels against a stay here. Plaintiffs' broad and undeveloped assertion that issues decided in the HMA Fraud Case may narrow or completely resolve "any overlapping issues that may exist between the cases" [ECF Nos. 229 p. 4; ECF No. 234 p. 3] fails to explain how the HMA Fraud Case necessarily will dictate or conclusively determine the legal questions in the Termination Cases [ECF No. 229 p. 4]. That

failure to explain, with any degree of specificity, the purported determinative effect of the HMA Fraud Case on the Termination Cases strongly militates against a stay.

Moreover, upon review of the substance of the HMA Fraud Case and the consolidated Termination Cases, the Court is not persuaded that the subject actions are sufficiently related to warrant a stay.  To begin, one of the Termination Cases—i.e., the Reputation Harm Termination Case—involves criminal allegations of sexual misconduct that bear no overlap with the HMA Fraud Case.  The other Termination Case—i.e., the Fraud Termination Case—does appear to bear some degree of factual overlap to the HMA Fraud Case insofar as HMA's termination of its Dealer Agreement concerned its belief that Plaintiffs submitted false information regarding reimbursements for warranty repairs.  But even there, Plaintiff has not demonstrated any significant similarity between the legal claims implicated in the respective actions.  The HMA Fraud case, as noted, probes whether Plaintiffs and its affiliates actually committed fraud and other serious violations of law (including federal laws prohibiting racketeering) by purposely blowing engines and obtaining warranty fees.  The Fraud Termination Case, by contrast, does not depend upon whether Plaintiffs committed fraud but rather whether Defendant lawfully exercised its discretion to terminate its Dealer Agreement [ECF No. 1 ¶¶ 32–37].  As Plaintiff explained in opposing consolidation of the Termination Cases with the HMA Fraud Case, that latter determination examines whether the owner or dealer-principal in the franchise agreement knew of the allegedly fraudulent actions and failed to prevent the harm from continuing [ECF No. 205 p. 17 ("Whether the owner or dealer-principal was aware of the fraud at the time it occurred is a separate issue of fact in the Fraud Termination Case that does not overlap with HMA's claims); *see* ECF No. 205 p. 17 (arguing that HMA Fraud Case and the Termination Cases "lack substantial common factual and legal issues" and are entirely different)].

CASE NO. 21-80348-CIV-CANNON/Matthewman

Third and finally, the Court is not satisfied by Plaintiff's cursory suggestion that delay would not prejudice Defendant [ECF No. 229 pp. 4–5]. Discovery has closed in this case after extensive litigation and expenditure of judicial resources, and Plaintiffs filed this delayed motion less than two weeks before the deadline for filing pre-trial dispositive motions [ECF Nos. 193, 242, 247]. Further, Defendant makes the reasonable observation, without response from Plaintiffs, that delaying trial could lead to "scheduling conflicts with experts or other witnesses" and require the parties to spend additional resources to "gear up again in several months" rather than just abide by the Court's long-standing scheduling order [ECF No. 232 p. 8].

For these reasons, the Court declines to exercise its discretion to stay proceedings pending completion of trial in the HMA Fraud Case. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.      The Report and Recommendation [ECF No. 228] is **ACCEPTED**.

2.      Defendant's Motion to Dismiss the Complaint, or in the alternative, Consolidate Cases [ECF No. 193] is **DENIED**.

3.      Plaintiffs' Expedited Motion to Stay Proceedings [ECF No. 229] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 7th day of October 2022.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

6